UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JOSEPH B. BOXIE, JR.                         CIVIL ACTION NO. 12-CV-3170

VERSUS                                       JUDGE DOHERTY

COMMISSIONER OF SOCIAL SECURITY              MAGISTRATE JUDGE HANNA

MEMORANDUM RULING

Before the court is the Motion for Attorney's Fees and Costs by the claimant Joseph Boxie [Rec. Doc. 11]. The motion is opposed in part by the defendant [Rec. Doc. 13]. For the reasons set out below, the motion is GRANTED in part and DENIED in part.

*Background:*

On December 31, 2012, Joseph Boxie filed a Complaint in this Court, seeking judicial review of an adverse decision on his application for Social Security benefits pursuant to 42 U.S.C. §405(g). [Rec. Doc. 1]. The effort was opposed by the defendant Commissioner. [Rec. Docs. 4, 7]. The matter was referred to the undersigned for Report and Recommendation.

On February 9, 2015, the Report and Recommendation was issued, recommending that the case be reversed and remanded, consistent with the fourth sentence of §405(g). [Rec. Doc. 9]. Absent any objections from the parties, the

report and recommendations were adopted as the judgment of the court on March 2, 2015. [Rec. Doc. 10].

On April 2, 2015, the claimant filed the instant motion for attorney fees and costs, seeking recovery of $3,625.00 in attorney fees and $350 in costs pursuant to provisions of 28 U.S.C. §2412(d), Equal Access to Justice Act and 42 U.S.C. §406(b).  Specifically, Boxie seeks recovery of all attorney fees and costs for the period from June 6, 2011 through March 2, 2015. [Rec. Doc. 11-2].  While reference is made to §406(b) in the motion, Boxie's entire argument in brief is focused on his claim for fees/costs pursuant to the EAJA.

In response to the motion, also focusing only on the EAJA claim, the Commissioner does not contest that Boxie qualifies as the 'prevailing party'. However, the Commissioner objects to the breadth of the recovery sought pursuant to the Equal Access to Justice Act, asserting that Boxie's recovery should be limited to the fees/costs associated with the "civil action" captioned above, excluding those fees/costs claimed for efforts made at the administrative level.

*Applicable Law:*

Attorneys representing social security claimants can win fees for their work in two ways.  The first type of fee in contingency agreement cases like this one comes out of the claimant's past-due benefits.  Congress allows both the

Commissioner and the courts to award these fees, but treats "the two review stages discreetly: §406(a) governs fees for representation in administrative proceedings; §406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). The district court may consider only court-related services in setting allowable fees for representation before it; the authority for setting fees for representation in agency proceedings rests exclusively with the Commissioner. *Brown v. Sullivan*, 917 F.3d 189, 191(5th Cir. 1990), *overruled on other grounds by Gisbrecht*, 535 U.S. at 794. The Fifth Circuit instructs that fees under §406(a) plus fees under §406(b) cannot exceed 25% of the past-due benefits received by the claimant. *Rice v. Astrue*, 609 F.3d 831, 835(5th Cir. 2010).

The second type of attorney fees comes through the Equal Access to Justice Act [EAJA], enacted to lessen the likelihood that challenges to bureaucratic action would be determined by the high cost of litigating against the government. At 28 U.S.C. §2412(d)(1)(A), the Act provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of

>the United States was substantially justified or that special circumstances make an award unjust.

The EAJA also provides that a party seeking an award of fees and other expenses shall, within thirty days of final judgment, submit an application showing that the party is a prevailing party and is eligible to receive an award, and an itemized statement of the amount sought. The party must also allege that the position of the United States was not substantially justified. §2412(d)(1)(B). In contrast to fees recoverable under §406(b), "EAJA fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate, capped in the mine run of cases at $125 per hour." *Gisbrecht*, 535 U.S. at 796.

In a sentence four remand, which this case is, the court terminates the "civil action," and the prevailing party cannot receive EAJA payments for work done at the administrative level. *See* 28 U.S.C. §2412(d)(1)(A); *Shalala v. Schaefer*, 509 U.S. 292, 295-304, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Because EAJA fees can overlap with §406(b) fees and because §406(b)(2) makes it a crime for an attorney to double-collect at the judicial level, the savings clause of the act requires the attorney to refund to the client the lesser amount awarded. *Rice v. Astrue* at 837. That issue is not presently before the court.

*Analysis and Discussion*:

Despite Boxie's passing mention of §406(b) in the motion before the court, neither party has offered argument or analysis of that claim, focusing instead on the EAJA claim, which is properly considered first in the posture of this case. See *Harlow v. Astrue*, 610 F.Supp.2d 1032, 1034(D. Neb. 2009).

It is well-settled that a party who obtains a remand of a social security appeal pursuant to the fourth sentence of §405(g)[1] qualifies as a prevailing party for purposes of fees under the Equal Access to Justice Act. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994). There is no dispute that Boxie was the prevailing party in this matter, having obtained a reversal and remand from this court. The record further demonstrates that the claimant's motion was filed timely per §2412(d)(1)(B).

Consistent with the EAJA requirement at §2412(d)(1)(B), Boxie has also alleged that the position of the United States was not substantially justified. The court's review of the its ruling in this case reveals the uncontested finding that the step three analysis by the ALJ was beyond meaningful judicial review:

---

[1] Sentence four of 28 U.S.C. §405(g) provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing...."

> A bare and summary conclusion that a plaintiff does not meet the criteria of any listing is "beyond meaningful judicial review." *Audler v. Astrue*, 501 F.3d 446, 448(5th Cir. 2007). The step three analysis in this case, as set out in the written decision, cannot be considered meaningful judicial review by the *Audler* standard or the requirement set out in §405(b)(1) ... ." [Rec. Doc. 9, p. 21].

On this basis, it cannot be concluded that the position of the Commissioner was substantially justified, and no effort at justification has been made by the government.

Boxie has submitted documentation of his attorney's time records for the period from June 6, 2011 to March 2, 2015, and he seeks to recover for 29 hours of attorney time, at the hourly rate of $125, which totals $3,625.  He also seeks recovery of filing fees documented to be $350.  [Rec. Doc. 11-1, 11-2].  The Commissioner asserts that Boxie's recovery should be limited to the fees/costs associated with the "civil action" captioned above, excluding those fees/costs claimed for efforts made at the administrative level.  That position is correct. While Boxie is entitled to recover the documented attorney fees and costs related to the institution and conduct of the captioned proceeding, he is not entitled to recover under the EAJA for work done before commencement of this proceeding. Considering the claimant's itemization, the court finds that 7.9 hours for

documented work performed prior to initiation of the captioned adversary adjudication are not compensable under the EAJA. Therefore,

IT IS HEREBY ORDERED that the claimant's Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act (EAJA) (Rec. Doc. 11) is GRANTED in part and DENIED in part. The total sum of $2,987.50 ($2,637.50 in fees, $350 in costs) is awarded as an EAJA fee, payable within forty-five days of this date.

Signed at Lafayette, Louisiana this 29th day of April, 2015.

_____
Patrick J. Hanna
United States Magistrate Judge

COPY SENT:

DATE: 4/29/2015
BY: EFA
TO: RFD
cg